# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CASE NO. 3:12-CV-832-RJC-DSC

CARGO LOGISTICS SERVICES )
CORPORATION and JAMES SZWED, )
                                          )
            Plaintiffs, )
                                          )
v. )
                                          )
XTRA LEASE, LLC, )
                                          )
            Defendant. )
_____)

## MEMORANDUM AND RECOMMENDATION AND ORDER

**THIS MATTER** is before the Court on Plaintiffs' "Motion to Remand for Lack of Subject Matter Jurisdiction" (document #10), and the parties' associated briefs and exhibits. See documents ## 11, 17 and 19.

On April 17, 2011, a tractor driven by Plaintiff James Szwed, a South Carolina resident, was involved in a one vehicle accident in Huntersville, North Carolina. Szwed was under contract with Plaintiff Cargo Logistics Services Corporation ("Cargo Logistics"), a North Carolina corporation. The trailer pulled by the tractor was owned by Defendant XTRA Lease LLC, a Delaware and Missouri Limited Liability Company. The tractor overturned due to an alleged mechanical failure in the trailer.

On November 8, 2012, Plaintiffs filed suit in Mecklenburg County Superior Court. Each Plaintiff asserts a single state law negligence claim seeking damages "in excess of $10,000." In their briefs, the parties agree that Cargo Logistics' damages are no more than $17,730.43. In an Affidavit attached to Plaintiffs' Reply brief, Szwed credibly avers that his medical bills totaled

$8,690.35.  See document #19-1.

On December 14, 2012, Defendant removed this case to the United States District Court for the Western District of North Carolina alleging the existence of federal diversity subject matter jurisdiction under 28 U.S.C. § 1332.  On December 21, 2012, Defendant filed a Motion to Dismiss for improper venue.[1]

On January 21, 2013, Plaintiffs filed their Motion to Remand.  Plaintiffs contend that the amount in controversy is below the threshold for diversity subject matter jurisdiction because they each seek less than $75,000 in damages.

The existence of subject matter jurisdiction is a threshold issue, and any removed case lacking a proper basis for subject matter jurisdiction must be remanded.    Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 96 (1998);  Jones v. American Postal Workers Union, 192 F.3d 417, 422 (4th Cir. 1999); Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999).  The requirements are so absolute that "[n]o party need assert [a lack of subject matter jurisdiction]. No party can waive the defect, or consent to jurisdiction.  No court can ignore the defect; rather a court, noticing the defect, must raise the matter on its own." Wisconsin Dept. of Corrections v. Schacht, 524 U.S. 381, 389 (1998) (internal citations omitted).  See also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1945 (2009) ("Subject-matter jurisdiction cannot be forfeited or waived and should be considered when fairly in doubt") (citing Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006); United States v. Cotton, 535 U.S. 625, 630 (2002)); Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702 (1982).

The party asserting federal jurisdiction has the burden of proving that subject matter jurisdiction exists.  See, e.g., Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999); Richmond,

---

[1]  The Court does not consider Defendant's Motion to Dismiss since subject matter jurisdiction is clearly lacking.

Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991); Norfolk Southern Ry. Co. v. Energy Dev. Corp., 312 F. Supp. 2d 833, 835 (S.D.W.Va. 2004). Any doubts about removal must be resolved in favor of remand. Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994) ("Because removal jurisdiction raises significant federalism concerns, [courts] must strictly construe removal jurisdiction. If federal jurisdiction is doubtful, a remand is necessary") (citations omitted); Griffin v. Holmes, 843 F. Supp. 81, 84 (E.D.N.C. 1993); Storr Office Supply v. Radar Business Systems, 832 F. Supp. 154, 156 (E.D.N.C. 1993).

A defendant may remove a case to federal district court if the court has original jurisdiction. 28 U.S.C. § 1441; Dixon v. Coburg Dairy, 369 F.3d 811, 816 (4th Cir. 2004). A case falls within a district court's diversity jurisdiction only if diversity of citizenship among the parties is complete and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a); Carden v. Arkoma Associates, 494 U.S. 185, 187 (1990); Strawbridge v. Curtiss, 3 Cranch 267 (1806). It is undisputed that there is complete diversity of citizenship between Plaintiffs and Defendant here.

When jurisdiction is predicated on diversity of citizenship, and the complaint does not allege a specific amount of damages but instead seeks "in excess" of a certain dollar amount, the party asserting jurisdiction must prove by a preponderance of the evidence that the amount in controversy requirement has been met. 28 U.S.C. §1446(c)(2)(A); Momin v. Maggiemoo's International L.L.C., 205 F. Supp. 2d 506, 509 (D. Md. 2002); Gwyn v. Wal-mart Stores, 955 F. Supp. 44, 46 (M.D.N.C. 1996).

The parties agree that each Plaintiff's claims must be evaluated individually and may not

3

be aggregated to meet the amount-in-controversy requirement. Libby, McNeill & Libby v. City National Bank, 592 F.2d 504, 509-10 (9th Cir. 1978); Moore's Federal Practice (3d ed.) § 102.108[3].

The amount in controversy is evaluated as of the time the complaint is filed. Once the amount in controversy is met, subsequent events cannot reduce the amount to defeat jurisdiction. Griffin v. Red Run Lodge, Inc., 610 F.2d 1198, 1204-05 (4th Cir. 1979) (citing St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289-93 (1938) (subsequent determination that one of plaintiff's claims was meritless did not destroy jurisdiction even though remaining claims appeared not to meet amount in controversy. Nor could plaintiff defeat federal jurisdiction by decreasing amount in controversy in amended complaint filed after removal)). "[T]hough ... plaintiff after removal, by stipulation, by affidavit, or by amendment of his pleadings, reduces the claim below the requisite amount, this does not deprive the district court of jurisdiction." St. Paul Mercury Indem. Co., 303 U.S. at 294. Accord Soos v. Kmart Corp., 2009 WL 192447, at *2 (N.D.W.Va. 2009) ("[T]o be operative, a disclaimer [that plaintiff seeks less than $75,000 in damages] must be a formal, truly binding, pre-removal stipulation signed by counsel and his client explicitly limiting recovery") (emphasis added); Hatcher v. Lowe's Centers, Inc., 718 F.Supp.2d 684, 687 (E.D. Va. 2010) ("It is clearly established, however, that a post-removal event – such as amending a complaint in order to reduce the amount in controversy below the jurisdictional limit – does not deprive a federal court of diversity jurisdiction.")

Applying these legal principles to the record in this case, Defendant has failed to carry its burden of establishing that the amount in controversy requirement was met at the time the Complaint was filed. Other than conceding that Cargo Logistics' damages do not meet the

4

threshold jurisdictional amount, Defendant does not discuss Plaintiffs' damages claims or otherwise explain how Szwed's damages might reasonably be expected to meet the amount in controversy requirement. Defendant cites cases involving similar claims and argues that because those cases resulted in verdicts or settlements in excess of $75,000, Szwed's damages could be expected to exceed that amount as well. Courts may look to verdicts and settlements in similar cases in making a jurisdictional analysis. <u>Kroske v. U.S. Bank Corp.</u>, 432 F.3d 976, 980 (9th Cir. 2005); <u>Mullaney v. Endogastric Solutions, Inc.</u>, 2011 WL 4975904 (S.D. Fla. 2011). However, Defendant offers no evidence that the damages in those cases were similar to Szwed's in this case. Mere conjecture is insufficient to meet Defendant's burden. Accordingly, diversity subject matter jurisdiction does not exist and Plaintiffs' Motion to Remand should be <u>granted</u>.

## ORDER

**IT IS ORDERED** that all further proceedings in this action, including <u>all</u> discovery, are **STAYED** pending the District Judge's ruling on this Memorandum and Recommendation and Order.

## RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Plaintiffs' "Motion to Remand" (document #10) be **GRANTED**.

## NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same.

Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel; and to the Honorable Robert J. Conrad, Jr.

**SO RECOMMENDED AND ORDERED.**

Signed: March 4, 2013

David S. Cayer
United States Magistrate Judge