UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-832-RJC-DSC

| | |
|---|---|
| CARGO LOGISTICS SERVICES, CORPORATION and JAMES SZWED,<br><br>    Plaintiffs,<br><br>    v.<br><br>XTRA LEASE, LLC,<br><br>    Defendant. | **ORDER** |

**THIS MATTER** comes before the Court on Plaintiffs' Motion for Remand and supporting memorandum, (Doc. Nos. 10 and 11), Defendant's Memorandum in Opposition, (Doc. No. 17), the Magistrate Judge's Memorandum and Recommendations (M&R), (Doc. No. 20), and Defendant's Objections to Memorandum and Recommendations (Doc. No. 21).

**I.    BACKGROUND**

On November 8, 2012, Plaintiffs filed suit in Superior Court of Mecklenburg County, North Carolina. Defendant filed a Notice of Removal to this Court on December 14, 2012 under 28 U.S.C. § 1332. (Doc. No. 1). On December 21, 2012, Defendants moved to dismiss the instant suit for improper venue. (Doc. No. 6). On January 21, 2013, Plaintiffs moved to remand for lack of subject matter jurisdiction. (Doc. No. 10). On March 4, 2013, the Magistrate Judge issued an M&R in which he recommended granting Plaintiffs' motion to remand the suit to state court. Additionally, the Magistrate Judge stayed all proceedings, including discovery, in this action pending this Court's ruling on Plaintiffs' motion to remand. On March 21, 2013, Defendant filed objections to the M&R. This issue is now ripe for adjudication.

1

## II. STANDARD OF REVIEW

The Federal Magistrate Act provides that a district court "shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

## III. DISCUSSION

The Magistrate Judge recommended that this Court grant Plaintiffs' Motion to Remand for lack of subject matter jurisdiction. Specifically, the Magistrate Judge found that the Defendant had not established by a preponderance of the evidence that the amount in controversy exceeds $75,000. Defendant lodged two objections to the M&R, namely (1) that it adopted a standard ("beyond a doubt") that had been statutorily abrogated; and (2) that it failed to account for potential claims that Plaintiff may have, including future medical expenses, pain and suffering, permanent injuries and emotional distress. Accordingly, the Court reviews these de novo.

Where removal is based on federal diversity jurisdiction, the party seeking removal has the burden of establishing by a preponderance of the evidence that the jurisdictional threshold amount in controversy is met. Bartnikowski v. NVR, Inc., 307 F. App'x 730, 734 (4th Cir. 2009). "If the amount in controversy in diversity cases is in doubt, there is a sharp distinction between original jurisdiction and removal jurisdiction. For cases brought in federal court, it must appear to a legal certainty that the plaintiff's claim is really for less than the jurisdictional

amount to justify dismissal. For cases instituted in state court and removed, a strong presumption arises that the plaintiff has not claimed an amount large enough to confer jurisdiction on a federal court." Evans v. CDX Services, LLC, 528 F.Supp.2d 599, 605 (S.D.W.Va. 2009) (internal citations omitted).

The existence of subject matter jurisdiction must be satisfied; where it is lacking, a removed case must be remanded. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998). Where plaintiff seeks to recover some unspecified amount that is not self-evidently greater or less than the federal amount in controversy requirement, defendants seeking removal must prove that it is more likely than not that the plaintiff's claims exceed $75,000. Gafford v. Gen. Elec. Co., 997 F.2d 150, 155 (6th Cir. 1993). Mere averments are not sufficient; the defendant must produce some competent proof that the amount of controversy requirement is satisfied. Id.

North Carolina prohibits plaintiffs from pleading a specific sum. Accordingly, Plaintiffs did not state specific sums but merely provided that each was seeking recovery in excess of $10,000. Plaintiffs and Defendant agree that the parties are diverse and that Plaintiff Cargo Logistics damages do not exceed $75,000. The issue for this Court is to determine whether Defendant has shown by a preponderance of evidence that Plaintiff Szwed's damages exceed $75,000. If Defendant can satisfy the amount in controversy requirement of 28 U.S.C. § 1332, the Court may then exercise supplemental jurisdiction over Cargo Logistics under 28 U.S.C. § 1367. See Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 558 (2005).

    A. Preponderance of Evidence Standard

Defendant objected that the Magistrate Judge's statement that "[a]ny doubts about removal must be resolved in favor of remand," (Doc. No. 20 at 3) amounts to a "beyond a doubt"

standard that was abrogated by the preponderance of evidence standard established by 28 U.S.C. § 1446. The Court finds any error harmless as the Magistrate Judge applied the correct standard in his overall determination: "the party asserting jurisdiction must prove by a preponderance of the evidence that the amount in controversy has been met." (Id.)

B. Amount in Controversy

Defendant's second objection is that the Court failed to account for damages related to future medical expenses, pain and suffering, permanent injuries or emotional distress. For purposes of determining subject matter jurisdiction, the Court may consider the type and extent of injuries and possible damages recoverable, including punitive damages, as well as expenses or losses incurred by the plaintiff up to the date the notice was filed. Watterson v. GMRI, Inc., 14 F.Supp.2d 844, 850 (S.D.W.Va. 1997).

In cases originally brought in state court, the "strong presumption" is that the plaintiff's claim does not exceed the amount in controversy. Here, Defendant has not provided any competent evidence that the injuries sustained by Szwed exceed $75,000. Defendant cites to cases in which, through settlement or verdict, plaintiffs obtained awards exceeding $75,000. Defendant has not, however, provided any evidence to suggest that the injuries in the instant case are similar to those in the cases cited.

In contrast, Plaintiff Szwed has provided an affidavit attesting to his medical expenses as well as a stipulation that his injuries do not exceed $75,000. The affidavit states that Plaintiff's medical expenses totaled $8,690.35 and are limited to treatment received on April 17, 2012. (Doc. No. 19-1). Plaintiff Szwed's affidavit suggests that he incurred no additional medical bills related to the injury between April 17, 2012 and February 27, 2013 when he signed the affidavit. Finally, Plaintiffs stipulated that the damages for each Plaintiff were under $75,000. When faced

4

with an unspecified claim for damages, several courts have held that a post-removal stipulation by the plaintiff that the claim does not exceed the minimum federal jurisdiction amount is appropriate for consideration. Griffin v. Holmes, 843 F.Supp. 81,88 (E.D.N.C. 1993).

Defendant, as the party seeking removal, has the burden to establish by a preponderance of the evidence that the amount in controversy requirement is met. Defendant has failed to do so in this case; accordingly this Court lacks subject matter jurisdiction and must remand the case.

**IT IS, THEREFORE, ORDERED** that:

1. The Magistrate Judge's M&R (Doc. No. 20) is **ADOPTED**
2. Plaintiff's Motion to Remand (Doc. No. 10) is **GRANTED**

Signed: April 29, 2013

Robert J. Conrad, Jr.
Chief United States District Judge